

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Royall R. Watkins
Member, State Board of Education
1201 Main Street
Dallas, Texas

Dear Sir:                                Opinion No. O-5631A
                                         Re: Explanation of portion of
                                              Opinion No. O-5631.

        In our Opinion No. O-5631, addressed to you, we
said at page 4:

        "In our Opinion No. O-561 (Conference
Opinion No. 3091), enclosed herewith, we re-
viewed the history of the constitutional and
statutory provisions relating to the provision
of free textbooks and concluded that none of
these provisions, including Articles 2867-2870,
V. A. C. S., operates to vest free and uncontrolled
authority over the State Textbook Fund in the State
Board of Education and that such authority rests
solely in the legislature. Thus we held in said
opinion that, notwithstanding the desire of the
State Board of Education to hire additional em-
ployees to aid in the distributing and purchasing
of textbooks, the legislature possesses the power
to prohibit the employment of such persons and to
forbid the use of monies from the State Textbook
Fund for the purposes of such employment, and we
further held that the legislature had exercised
such power in the Act there under consideration."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Opinion No. 0-561 (Conference Opinion No. 3091) was summarized merely for the purpose of demonstrating that we had previously held that none of the constitutional and statutory provisions relating to textbooks operates to vest free and uncontrolled authority over the State Textbook Fund in the State Board of Education. The conclusion of this Opinion was included solely for the purpose of illustrating that such conclusion necessarily had to be based upon some principle other than that the State Board of Education possesses such free and uncontrolled authority. By including this summary we did not intend to alter our holding in Opinion No. 0-561; neither did we intend to overrule or alter any of our subsequent opinions dealing with the power of the Board of Education to hire additional employees.

However, it has been suggested that the above quotation is in effect a ruling that under no circumstances can the Board of Education hire employees other than those specifically itemized in the appropriation act, and that such ruling extends the scope of our Opinion No. 0-561 and either overrules or limits our Opinions 0-1837, 0-1987 and 0-2213. Lest confusion result from the acceptance of such suggestion, we are making this explanation of the quoted portion of our Opinion No. 0-5631, and you are respectfully advised that neither this nor any other portion of said Opinion has the effect of altering, amending, extending or overruling our Opinions 0-561 (Confernece Opinion No. 3091), 0-1837, 0-1987 and 0-2213.

Trusting that the foregoing is a satisfactory explanation of any ambiguous portions of our original Opinion, we are

Yours very truly

APPROVED NOV. 5, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By
/s/ R. Dean Moorhead
Assistant

rdm:fc
pw

APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN